**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN B., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-CV-1549-JSD |
| FRANK BISIGNANO, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Frank Bisignano, Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Brian B. ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq*. The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 8.) For the reasons stated herein, the Court reverses and remands the matter for further administrative proceedings.

## I. BACKGROUND

In August and October 2023, Plaintiff applied for DIB and SSI, alleging disability as of January 15, 2020. (Tr. 201-32.) In his Disability Report, Plaintiff alleged disability primarily due to issues related to his back. (Tr. 244.) Plaintiff's claims were denied initially and on reconsideration. (Tr. 139-52.) Plaintiff then filed a Request for Hearing by Administrative Law

Judge ("ALJ"). (Tr. 153.) Thereafter, on February 5, 2025, Plaintiff amended the alleged onset date to September 9, 2022. (Tr. 242.)

On February 13, 2025, ALJ Robert Luetkenhaus held a telephone hearing. (Tr. 61-92.) At the hearing, Plaintiff testified that: he is unable to work due to lower back pain that runs down both of his legs and into his feet; he has received temporary relief from injections, a spinal cord stimulator, and a back ablation; he uses a cane daily; he cannot stand or sit for too long without pain; and he has to lay down for about half the day. (Tr. 73-82.) The ALJ asked Plaintiff if he had received, or if his doctors were considering, a fusion or laminectomy to treat his lumbar spine and sacroiliac ("SI") joint dysfunction. (Tr. 73-74.) Plaintiff testified that he had not had a fusion or laminectomy and that "pain management…[was] considering putting some screws into some places[,]" but he was unable to confirm whether his doctors were considering those operations specifically. (Tr. 73-74.) The ALJ issued an unfavorable decision on February 28, 2025. (Tr. 44-55.)

On March 20, 2025, Plaintiff filed a request for review of the hearing decision with the Social Security Administration's Agency's Appeals Council ("Appeals Council"). (Tr. 199-200.) On August 19, 2025, Plaintiff submitted additional evidence to the Appeals Council, confirming that he underwent right SI joint fusion in July 2025. (ECF Nos. 19 ¶ 30; 22-1.) This additional evidence is included, unexhibited, in the transcript of the administrative record. (Tr. 6-36.) On August 22, 2025, the Appeals Council denied review without acknowledging receipt of the additional evidence. (Tr. 1-3.) The Appeals Council did, however, recognize that it had received other additional evidence that Plaintiff submitted after the ALJ's decision. (Tr. 4-5.)

Plaintiff has exhausted all administrative remedies, and the ALJ's decision stands as the final decision of the Commissioner of the Social Security Administration. The Court accepts the

facts as set forth in the parties' respective statements of fact and responses. The Court will cite specific portions of the transcript as needed to address the parties' arguments.

## II. Standard for Determining Disability Under the Act

To be eligible for benefits under the Act, a claimant must prove she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509 or § 416.909], or a combination of impairments that is severe and meets the duration requirement";

if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), which is "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2), 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Moore*, 572 F.3d at 523; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

## III. The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ here found as follows: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date of September 9, 2022; Plaintiff has the severe impairments of degenerative changes to the lumbar spine, SI joint dysfunction, and obesity; and Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 46-49.) The ALJ found that Plaintiff has the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: He can occasionally climb ramps and stairs, never climb ladders, ropes and scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to extreme cold, extreme heat, vibration, and hazards such as moving machinery and unprotected heights.

(Tr. 49.) At Step Four, the ALJ found that Plaintiff did not have past relevant work; and at Step Five, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 53.)

## IV. Discussion

Plaintiff challenges the denial of his claims on two grounds. First, Plaintiff argues that the administrative decision is not supported by substantial evidence because the Appeals Council did not specifically discuss the additional evidence. (ECF No. 18 at 3-5.) Second, Plaintiff challenges the ALJ's decision, arguing that the ALJ failed to properly evaluate medical opinion evidence. (*Id.* at 6-11.)

**A. Standard for Judicial Review**

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted); *see Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting *Consol. Edison*, 305 U.S. at 229)).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *See Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

**B. Additional Evidence Submitted to Appeals Council**

Plaintiff argues that the Appeals Council erred in failing to consider the additional evidence related to his fusion, and he asserts that such procedural error requires reversal and remand to the Appeals Council to review the ALJ's decision in light of the additional evidence. (ECF No. 18 at 3-5.) The Commissioner argues that Plaintiff fails to show that the evidence was submitted to the Appeals Council and that the evidence is not related to the time relevant to the date of the ALJ's denial. (ECF No. 20 at 3-4.) For the following reasons, this Court finds that reversal is appropriate.

If a claimant submits additional evidence to the Appeals Council prior to its decision, the Appeals Council must consider the additional evidence. *See* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5)); *see also John B.H. v. Saul*, No. 4:20-CV-04080-VLD, 2021 WL 1192930, at *33 (D.S.D. Mar. 30, 2021) ("The Appeals Council is required to evaluate all evidence is receives."). The Appeals Council will review the ALJ's decision if the additional evidence is new, material, relates to the period on or before the date of the hearing decision; there is a reasonable probability that the additional evidence would change the outcome of the decision; and good cause exists for the delayed submission. *See* 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5); *see also Whitney v. Astrue*, 668 F.3d 1004, 1006 (8th Cir. 2012). If the Appeals Council determines that the additional evidence is not related to the period on or before the date of the hearing decision or does not find good cause, then "the Appeals Council *will* send [the claimant] a notice that explains why it did not accept the additional evidence…." 20 C.F.R. §§ 404.970(c), 416.1470(c) (emphasis added).

Courts within the Eighth Circuit have reversed and remanded for further consideration where it was unclear if the Appeals Council considered timely submitted new and material

evidence.[1] *See Lamp v. Astrue*, 531 F.3d 629, 632-33 (8th Cir. 2008) (determining that it was unclear from the record whether the Appeals Council reviewed new and material evidence and remanding); *Gartman v. Apfel*, 220 F.3d 918, 922 (8th Cir. 2000) (explaining that the court could not discern whether the Appeals Council considered the additional evidence and remanding); *P. v. Bisignano*, No. 25-cv-1078 (SGE), 2026 WL 539182, at *6-7 (D. Minn. Feb. 26, 2026) (remanding where unclear if Appeals Council considered new and material additional evidence); *B.L.B. v. Kijakazi*, No. 4:21-CV-04222 VLD, 2022 WL 14812595, at *26-28 (D.S.D. Oct. 26, 2022) (finding Appeals Council erred when it failed to address additional evidence in its decision letter, though it was contained in the administrative record, and remanding for evaluation); *B.H.*, 2021 WL 1192930, at *33 (remanding for clarification of how Appeals Council evaluated additional evidence where evidence was included in case record, but never addressed by the Appeals Council); *Torrey v. Astrue*, No. 4:10-CV-2271 LMB, 2012 WL 886828, at *17-18 (E.D. Mo. Mar. 15, 2012) (remanding because court could not determine whether Appeals Council considered additional evidence where the Appeal Council's notice did not refer to the new evidence).

The Commissioner argues that, although the additional evidence shows that a medical provider sent the records to Plaintiff's counsel before the Appeals Council denied review, "[t]t is not clear when, or if, Plaintiff's counsel sent these records to the Appeals Council." (ECF No. 20

[1] This review is grounded in "[j]urisdiction to review whether the Appeals Council has complied with the procedural requirements of the regulations," as opposed to review of the "non-final, substantive decision [of the Appeals Council] to deny review." *See Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992); *see also Whitney*, 668 F.3d at 1007 (reversing and remanding where it was unclear if Appeals Council reviewed or considered new and material additional evidence before declining review); *B.H.*, 2021 WL 1192930, at *33 (reversing and remanding where Appeals Council did not clearly evaluate new and material evidence); *P. v. Bisignano*, No. 25-cv-1078 (SGE), 2026 WL 539182, at 34-35 (D. Minn. Feb. 26, 2026) (reversing and remanding where it was unclear if the Appeals Council reviewed the new and material additional evidence); *Goodwin v. Astrue*, 549 F.Supp.2d 1125, 1128-29 (D. Neb. Apr. 29, 2008) (reversing and remanding where Appeals Council admittedly did not review additional evidence).

at 3; 20-1 at 1.) However, in supplemental briefing ordered by this Court, Plaintiff filed an exhibit demonstrating that he submitted the additional evidence to the Appeals Council on August 19, three days before the Appeals Council issued its decision.[2] (ECF No. 22-1.) Moreover, the additional evidence, though not acknowledged by the Appeals Council or exhibited, is included in the administrative record. (Tr. 1-6.) Thus, Plaintiff has shown that he timely submitted the additional evidence to the Appeals Council.

However, it is unclear whether the Appeals Council evaluated the additional evidence in its decision to decline review because, although the additional evidence is included in the administrative record, the Appeals Council did not mark it for exhibit or specifically address it as it did with the other additional evidence. *See Boyd v. Astrue*, No. 4:08CV02705 JLH/BD, 2009 WL 856699, at *3 (E.D. Ark. Mar. 30, 2009) (finding it was unclear whether Appeals Council reviewed additional evidence where it did not discuss the specific additional evidence, but acknowledged its consideration of other additional evidence); *see also P.*, 2026 WL 539182, at *7 (finding it was unclear whether Appeals Council reviewed the additional evidence, noting that the evidence was not marked for exhibit or included in the record). Regardless, the Court need not speculate as to whether the Appeals Council actually considered the additional evidence before denying review because Courts within the Eighth Circuit have remanded where it is unclear whether the Appeals Council considered the additional evidence. *See Lamp*, 531 F.3d at 632-33; *Gartman*, 220 F.3d at 922; *P.*, 2026 WL 539182, at *6-7; *B.L.B.*, 2022 WL 14812595, at *26-28; *B.H.*, 2021 WL 1192930, at *33; *Torrey*, 2012 WL 886828, at *17-18.

---

[2] The Commissioner was afforded time to respond to Plaintiff's court-ordered supplemental brief; however, he has not done so and the time to respond has passed. (ECF No. 21.)

To the extent that the Court should decide the issues in the first instance,[3] the Court finds the additional evidence is new and material. The additional evidence documenting Plaintiff's post-hearing treatment is non-cumulative and new, as seemingly conceded by the Commissioner (ECF No. 20 at 4). *See Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000) ("To be 'new,' evidence must be more than merely cumulative of other evidence in the record."). The additional evidence also appears to be material. *See id.*, at 1069-70 ("To be 'material,' the evidence must be relevant to claimant's condition for the time period for which benefits were denied. Thus, to qualify as 'material,' the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition.").

The Commissioner contends that the additional evidence is not material, as it is dated several months after the ALJ's decision and, at most, represents evidence of a later-acquired disability or of the subsequent deterioration of a previously non-disabling condition. (ECF No. 20 at 4.) However, Courts within the Eighth Circuit have found that additional evidence can be material and relate to the adjudicated period even when the additional evidence postdates the ALJ's decision. *See Roberson v. Astrue*, 481 F.3d 1020, 1026 (8th Cir. 2007) ("Medical evidence can, of

[3] *Cf., Whitney*, 668 F.3d at 1007 (directing district court to decide whether claimant timely submitted additional evidence, and if so, to remand to Appeals Council for it decide whether the evidence meets the requirements for review); *Goodwin*, 549 F.Supp.2d at 1129 (noting that, where Appeals Council mistakenly failed to review new evidence, it was unclear whether procedural error alone required remand or whether remand was only required if evidence was also new, material, and related to the period of the ALJ's decision); *Gartman*, 220 F.3d at 922 (remanding where it was unclear if Appeals Council considered additional evidence that, if credited, might persuade the ALJ); *Lucas v. Saul*, No. 2:18 CV 45 CDP, 2019 WL 4221519, at *3 (E.D. Mo. Sep. 5, 2019) (finding that, where Appeals Council did not address certain requirements under the Regulations, whether these requirements were met was "a matter for the [Appeals Council] to decide in the first instance"); *B.H.*, 2021 WL 1192930, at *34-35 (remanding for clarification where Appeals Council did not discuss additional evidence, noting that Court review of the Appeals Council rejection was impossible).

course, provide information about a claimant's condition at an earlier date."); *Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000) ("Although some of the medical records submitted to the Appeals Council either pre-dated or post-dated the relevant time period, the evidence related to conditions that existed during that period. The timing of an examination is not dispositive of whether evidence is material; medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision.").

Here, evidence of Plaintiff's post-decision fusion to treat chronic SI joint pain is related to his SI joint dysfunction (Tr. 11), which was the subject of his claim during the relevant period. *See Karr v. Dudek*, No. 4:23-CV-01229-SPM, 2025 WL 671062, at *5 (E.D. Mo. Mar. 3, 2025) (finding post-decision medical records documenting surgery, performed as further treatment for residual pain associated with same condition that was basis of claims, constituted new and material evidence). Indeed, the medical records associated with the post-decision fusion refer back to Plaintiff's history of conservative treatment, as also described by the ALJ, to address the same SI pain and dysfunction. (Tr. 13, 15, 36, 50-52.) Thus, the fusion appears to be part of the same course of treatment for the same condition as reviewed by the ALJ. Notably, the ALJ inquired at the hearing as to whether Plaintiff had received a fusion to treat his lumbar spine and SI joint dysfunction (Tr. 73-74), indicating that such operation would be considered relevant to Plaintiff's claim. Moreover, there is nothing to suggest that the post-decision treatment was necessitated by deterioration of Plaintiff's condition or a new condition.

In sum, the additional medical records are non-cumulative and have the potential to inform the Appeals Council about Plaintiff's condition at the time of the denial of benefits. Because it cannot be determined whether the Appeals Council considered this evidence, the case must be

reversed and remanded for further administrative proceedings consistent with this opinion.[4] *See Lamp*, 531 F.3d at 632-33; *Gartman*, 220 F.3d at 922. In light of the decision to remand to the Commission for further proceedings, the Court declines to address Plaintiff's remaining argument challenging the ALJ's evaluation of opinion evidence.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **REVERSED** and **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g),[5] for further administrative proceedings consistent with this Order.

**JOSEPH S. DUEKER**
**UNITED STATES MAGISTRATE JUDGE**

Dated this 4th day of November 2026.

[4] This Court declines to consider whether there is a reasonable probability that the additional evidence will change the outcome or whether good cause exists for the late submission, as the Appeals Council is in a better position to decide these issues and whether to review the ALJ's decision in light of the additional evidence in the first instance. *See Whitney*, 668 F.3d at 1007 (directing district court to decide whether claimant timely submitted additional evidence, and if so, to remand to Appeals Council to decide whether the evidence meets the requirements for review); *Lucas*, 2019 WL 4221519, at *3 ("Whether good cause is shown under the Regulations for the untimely submission or whether there is a reasonable probability that this additional evidence would change the outcome of the ALJ's decision are matters for the Appeals Council, as is the decision whether to review the ALJ's decision upon such considerations."); *Goodwin*, 549 F.Supp.2d at 1129 n.3 (declining to consider whether new evidence was likely to make difference in outcome).

[5] *See P.*, 2026 WL 539182, at *8; *Karr*, 2025 WL 671062, at *6; *B.H.*, 2021 WL 1192930, at *37-38; *Boyd*, 2009 WL 856699, at *4-5.